UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:21-cv-24099-PCH

"**IN ADMIRALTY**"

RONALD CONWAY, an individual,

    Plaintiff,

vs.

M/Y UTOPIA IV, Official No. 1305829, MMSI No. 339328000, her engines, tackle, gear, appurtenances, etc., *in rem*, UTOPIA YACHTING LLC, a Delaware Limited Liability Company, MARKET AMERICA, INC., a Delaware corporation, and ALM YACHT MANAGEMENT D.O.O., a Serbian private limited company, *in personam*,

    Defendants.

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR AN ORDER TO SHOW CAUSE WHY ARREST SHOULD NOT BE VACATED AND REQUEST FOR HEARING

Plaintiff Ronald Conway ("Plaintiff Conway"), through undersigned counsel, respectfully submits this Response to the Defendant's Motion for an Order to Show Cause Why Arrest Should Not be Vacated and Request for Hearing ("Motion"), filed by owner, Utopia Yachting LLC ("Utopia LLC"), on behalf of M/Y Utopia IV (the "Vessel," and together with Utopia LLC, "Defendant"). [ECF No. 21].

### BACKGROUND & RELEVANT FACTS

On November 22, 2021, Plaintiff Conway filed a Verified Complaint [ECF No. 1] against the Vessel, her engines, tackle, gear, appurtenances, etc., *in rem*, to enforce Plaintiff Conway's preferred maritime liens for negligence based on Defendant's failure to provide Plaintiff Conway

-1-

with a reasonably safe vessel including tender. Subsequently, on November 23, 2021, the Vessel was arrested within this District pursuant to this Court's Order Directing the Issuance of the Warrant of Arrest [ECF No. 6] and the Warrant for Arrest [ECF No. 18] executed by the U.S. Marshal or Deputy. The Vessel was released hours later following a joint motion of the parties and pursuant to the order of this Court [ECF No. 17], after Defendant posted bond with this Court in the form of a cash deposit in the amount of $3,000,000. At the time, Defendant did not contest the merits of the arrest warrant. Some two weeks later, on December 7, 2021, Defendant filed the Motion.[1]

Defendant alleges in its Motion that Plaintiff Conway tried to mislead the Court by not attaching the purported charter and services agreement to his Verified Complaint. [ECF No. 21 at 3]. To this point, Plaintiff Conway in his Verified Complaint acknowledged and disclosed the existence of a purported boilerplate charter party agreement and crew service agreement. [ECF No. 1 at ¶ 13]. Plaintiff Conway's verified allegations set forth the reasons why such purported agreements should not stand. [ECF No. 1 at ¶ 19-20]. Additionally, as part of this Court's careful consideration and before it ultimately issued the warrant for arrest of the Vessel, Plaintiff Conway's counsel and this Court communicated directly about the circumstances.

Now, through what is effectively an attempted motion for summary judgment disguised as a motion for order to show cause, Defendant offers its distorted and unverified version of the facts, and requests that this Court simply vacate the arrest of the Vessel. Defendant's Motion attempts to rely upon underlying factual arguments, for example, that are wholly premature given the lack of any evidentiary discovery thus far in the case.

---

[1] On December 10, 2021, Plaintiff Conway filed an Amended Verified Complaint [ECF No. 22] against the Defendant Vessel, *in rem*, and added *in personam* Defendants Utopia LLC, ALM Yacht Management D.O.O. ("ALM"), and Market America, Inc. ("Market America") to enforce Plaintiff Conway's preferred maritime liens and seek damages for Defendants' negligence, resulting in Plaintiff Conway, as passenger, suffering severe and ongoing injuries.

The allegations in Plaintiff Conway's Verified Complaint sufficiently established a prima facie case, and Defendant's Motion fails to address or rebut those allegations. Defendant offers nothing beyond the purported boilerplate agreements to dispute Plaintiff Conway's verified allegations. Nevertheless, even if Defendant provides this Court with declarations, for example, genuine issues of material fact remain, making Defendant's Motion an improper, premature attempt to achieve what is akin to summary judgment on the demise charter issue. The current posture is simple—Plaintiff Conway has pled a prima facie case and has already demonstrated cause by submitting a Verified Complaint. Moreover, Plaintiff Conway's Verified Amended Complaint further shows cause, and again, unlike Defendant's Motion, is verified. As such, there is nothing additional to show cause about at this point.

Plaintiff Conway sought the operative insurance policy shortly after the incident, which would have prevented any need to arrest the vessel. The policy, however, was not provided to Plaintiff's counsel until January 3, 2022. It was Defendant's very own actions that forced Plaintiff Conway to seek recourse from this Court to ensure adequate protection and security to indemnify him for his injuries.

Finally, it is standard in these matters for the provider of insurance for a vessel to quickly provide a letter of undertaking ("LOU") in substitution of the bond, which here was made with a $3,000,000 cash wire transfer from Defendant Market America, the Vessel owner's alter ego. An LOU was not presented to Plaintiff Conway until a month had passed since the seizure of the Vessel and posting of the cash bond occurred. Nonetheless, Plaintiff Conway agreed to the Defendant's request to modify and/or substitute the then current security with an LOU from the Vessel's insurer [ECF No. 28]. The Court granted the Agreed Motion to Modify the Security [ECF No. 31], and the deposit of $3,000,000 was to be returned to the Vessel and her owners, further undermining the alleged purpose of the Motion and meriting its denial.

## **MEMORANDUM OF LAW**

Plaintiff Conway has established the necessary prima facie case showing that he is entitled to a maritime lien. Federal Rule of Civil Procedure Supplemental Rule C permits a claimant to initiate an *in rem* action against a vessel to enforce a maritime lien. Fed. R. Civ. P. Supp. R. C(1). Procedurally, the rule requires that the *in rem* complaint: (a) be verified; (b) describe with reasonable particularity the property that is the subject of the action; and (c) state that the property is within the district or will be within the district while the action is pending. Fed. R. Civ. P. Supp. R. C(2).

Substantively, a claimant must make a "prima facie showing that the plaintiff has an action *in rem* against the defendant in the amount sued for and that the property [i.e., the vessel] is within the district." *Craddock v. M/Y the Golden Rule*, 110 F. Supp. 3d 1267, 1273 (S.D. Fla. 2015) (alteration in original); *see also* Fed. R. Civ. P. Supp. R. C. As such, "the plaintiff must allege a maritime tort that forms the basis of a maritime lien" which gives rise to the *in rem* action. *Craddock*, 110 F. Supp. 3d at 1273. In effect, a "maritime tort . . . encompass[es] every species of tort committed on the high seas or other navigable water." *Id*. If the conditions for an *in rem* action appear to exist, a court must issue an order directing the clerk to issue a warrant for the arrest of the vessel. Fed. R. Civ. P. Supp. R. C(3).

Here, the Court has already recognized that Plaintiff Conway sustained his burden to establish a prima facie claim. Plaintiff Conway, in his Verified Complaint, alleged a maritime tort against the Vessel. He alleged that he was injured while he was exiting from the Vessel's tender boat deck onto the raised dock at Edgartown Harbor in Edgartown, Massachusetts, as a result of Defendant's negligence in failing to provide a reasonably safe vessel including tender. The Defendant's tortious conduct alleged by Plaintiff Conway in his Verified Complaint, and subsequently re-alleged and supplemented with additional *in personam* claims in his Verified Amended Complaint, constitute a maritime tort that gives rise to a maritime lien. This creates the

conditions for the *in rem* seizure of the Vessel. Defendant has not disputed that Plaintiff Conway's cause of action constitutes a maritime tort which gives rise to a maritime lien.

Further, Plaintiff Conway also made a prima facie showing that the Vessel was within the district. In Plaintiff Conway's Motion Directing the Clerk to Issue a Warrant of Arrest [ECF No. 3], which accompanied the Verified Complaint, Plaintiff Conway provided that the Vessel was docked at the address in Miami Beach, Florida, which Defendant described as "Vessel owners' home" where the Vessel is also registered.[2] Indeed, when the U.S. Marshal executed the arrest warrant for the Vessel, it was within the district at the location alleged by Plaintiff Conway. In short, Plaintiff Conway's "prima facie showing that [he had] an action in rem against the [Vessel ... and that the [Vessel] [was] within the district," *Craddock*, 110 F.Supp.3d at 1277, was sufficient for this Court to "order . . . the clerk to issue a warrant for the arrest of the vessel." Fed. R. Civ. P. Supp. R. C(3). To the extent that this Court would like further briefing on the substantive underlying issues that Defendant has raised, Plaintiff Conway respectfully requests an extended briefing schedule to allow limited discovery to avoid wasting this Court's resources by prematurely litigating issues at the heart of this case.

## **CONCLUSION**

Defendant's Motion should be denied for the reasons herein.

Dated January 4, 2022

[Signature block on following page]

---

[2] In its Motion, Defendant stated that "the Court dispatched the United States Marshals to the Vessel owners' home to seize the Vessel." [ECF No. 21 at 1]. Given the registered owner of the Vessel, Utopia LLC, is a Delaware limited liability company, presumably Defendant's Motion is referring to the home of one or more ***individuals*** who apparently are the true owners of the Vessel.

Respectfully submitted,

MASE MEBANE SEITZ, P.A
*Attorneys for Plaintiff*
2601 South Bayshore Drive, Suite 800
Miami, Florida  33133
Telephone: (305) 377-3770
Facsimile: (305) 377-0080

By: /s/ *Tyler Rauh*
CURTIS J. MASE
Florida Bar No.: 478083
cmase@maselaw.com
TYLER J. RAUH
Florida Bar No.: 1023404
trauh@maselaw.com

*and*

RONALD A. MCINTIRE
*Attorney Admitted Pro Hac Vice*
California Bar No. 127407
RMcIntire@perkinscoie.com

PERKINS COIE LLP
1888 Century Park E, Suite 1700
Los Angeles, California 90067
Telephone: 310.788.9900
Facsimile: 310.788.3399