UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
"IN ADMIRALTY"

Case No. 1:21-cv-24099-PCH

RONALD CONWAY, an individual,

    Plaintiff,

vs.

M/Y UTOPIA IV, Official No. 1305829,
MMSI No. 339328000, her engines, tackle,
gear, appurtenances, etc., *in rem*, et al.

    Defendants.
_____/

## VESSEL AND OWNER DEFENDANTS' MOTION TO DISMISS

Defendant M/Y UTOPIA IV, Official No. 1305829, MMSI No. 339328000, her engines, tackle, gear, appurtenances, etc. ("Vessel") and Defendant Owner, Utopia Yachting LLC ("Owner")(collectively hereinafter "Defendants" or "Utopia" or "Utopia Defendants"), by and through their undersigned counsel, and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, hereby file their Motion to Dismiss the Amended Complaint [DE 22], and in support thereof state:

    **I.**    **Introduction**

Plaintiff alleges that the Utopia Defendants (as well as others not yet served) are liable for Plaintiff's injuries when he stepped from the Vessel's tender to a dock in Edgartown, Massachusetts. *See* Amended Complaint, DE 22, at ¶37. Plaintiff creatively alleges a variety of negligence theories that all essentially assert Defendants should have helped him off the tender and someone should have told

**CHARTWELL LAW**

him to use a step stool. *Id.* at ¶¶ 4, 39, 51, 56, 63, 64, 73, 74. As admitted by Plaintiff, this case is governed by general maritime law. *Id.* at ¶1.[1] Defendants assert two arguments in favor of dismissal.

First, Plaintiff's Amended Complaint should be dismissed because it improperly seeks punitive damages. *Id.* at p. 13. The Eleventh Circuit has made clear that punitive damages are precluded in maritime personal injury claims save for exceptional circumstances and upon a showing of intentional misconduct. No such showing has been made here and Plaintiff's claims for punitive damages should be dismissed.

Second, Count II of Plaintiff's Amended Complaint is shotgun in nature because it improperly combines three claims against three different defendants – (i) Utopia Yachting, LLC, (ii) Market America, Inc., and (iii) ALM Yacht Management D.O.O. – <u>into one count</u>. The Eleventh Circuit has repeatedly and unequivocally condemned shotgun pleadings as a waste of judicial resources. In this regard, Count II of the Amended Complaint runs afoul of Rule 8(a)(2) ("short and plain statement") and Rule 10(b) ("discrete claims should be plead in separate counts") as well. Similarly, the Amended Complaint should be dismissed because it improperly contains multiple counts where each count adopts the allegations of the preceding count, another prototypical shotgun offense. Plaintiff's Amended Complaint should be dismissed for these reasons as well.

II. **Memorandum of Law**

A. **Legal Standard**

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d. 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Pleadings must contain "more than labels and conclusions, and a

---

[1] Disembarkation cases, like this one, satisfy both the "locality" and "nexus" tests, and are regularly held to fall within admiralty jurisdiction.

formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted). Indeed, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 556). To meet this "plausibility standard," a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (alteration added) (citing *Twombly*, 550 U.S. at 556). When reviewing a motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff and take the factual allegations therein as true. *See Brooks v. Blue Cross & Blue Shield of Fla. Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997).

### B. Plaintiff's claims for punitive damages should be dismissed.

This case arises out of a debarkation accident. It was just that – an accident, not any willful, wanton, or intentional act on behalf of the Utopia Defendants. However, Plaintiff asserts in its "Wherefore" clause that it is seeking "punitive damages" from all Defendants. *See* Amended Complaint, DE 22, p. 13. Punitive damages have not been properly alleged nor are they available in this circumstance under general maritime law. Plaintiff's claim for punitive damages must be dismissed.

The Eleventh Circuit has made clear that punitive damages are precluded in maritime personal injury claims except in exceptional circumstances and upon a showing of intentional misconduct. *See In re Amtrak Sunset Ltd. Train Crash in Bayou Canot, Ala. on Sept. 22, 1993*, 121 F.3d 1421, 1429 (11th Cir. 1997); *Petersen v. NCL (Bahamas) Ltd.*, 748 F. App'x 246, 251-52 (11th Cir. 2018); *Eslinger v. Celebrity Cruises, Inc.*, 772 F. App'x 872, 873 (11th Cir. 2019). This Circuit has made clear that the Supreme Court's holding in *Atlantic Sounding Co. v. Townsend,* 557 U.S. 404, 424, 129 S. Ct. 2561, 174 L. Ed. 2d 382 (2009) did nothing to undermine its own holding in *In re Amtrak*, wherein the Eleventh Circuit found that plaintiffs could not recover punitive or loss of consortium damages for personal injuries absent exceptional circumstances. *Petersen*, 748 F. App'x at 251-52 (confirming *Atlantic Sounding* did

3

**CHARTWELL LAW**

not abrogate *In re Amtrak* and affirming the district court's grant of summary judgment on the matter absent "exceptional circumstances" or "intentional conduct"); *Eslinger*, 772 F. App'x at 873 (same); *Incardone v. Royal Caribbean Cruises*, No. 16-20924-CIV-MARTINEZ-GOODMAN, 2020 U.S. Dist. LEXIS 10000, at *16-17 (S.D. Fla. Jan. 18, 2020).

Plaintiff is only entitled to punitive damages upon a showing of intentional misconduct, which the Eleventh Circuit has described as "very rare." *In re Amtrak*, 121 F.3d at 1429; *Doe v. Celebrity Cruises, Inc.*, 389 F. Supp. 3d 1109, 1115 (S.D. Fla. 2019); *Incardone, supra.* To demonstrate "intentional misconduct," Plaintiff must show that "the Defendant had actual knowledge of the wrongfulness of the conduct and the high probability that injury or damage to the claimant would result and, despite that knowledge, intentionally pursued that course of conduct, resulting in injury or damages." *Mee Indus. v. Dow Chemical Co.*, 608 F.3d 1202, 1220 (11th Cir. 2010); *Bonnell v. Carnival Corp.*, No. 12-CV-22265-WILLIAMS, 2014 U.S. Dist. LEXIS 200919, 2014 WL 12580433, at *4 (S.D. Fla. Oct. 23, 2014).

This Court has recognized punitive damages are not available in maritime tort actions in this Circuit where a plaintiff has failed to demonstrate intentional misconduct. *See Crusan v. Carnival Corp.*, Case No. 13-cv-20592-KMW/Simonton, 2015 WL 13743473, at *6-7 (S.D. Fla. Feb. 24, 2015) (finding that plaintiffs could only recover punitive damages "upon a showing of intentional misconduct"); *Bonnell v. Carnival Corp.*, Case No. 13-CV-22265-WILLIAMS, 2014 WL 12580433, at *3 (S.D. Fla. Oct. 23, 2014) (same); *Bodner v. Royal Caribbean Cruises, Ltd.*, Case No. 17-20260-CIV-LENARD/ GOODMAN, 2018 WL 4047119, at *8 (S.D. Fla. May 8, 2018)(citing *Bonnell* with approval and striking plaintiff's requests for punitive damages as they "necessarily fail[ed] to allege 'intentional misconduct.'"); *Gener v. Celebrity Cruises, Inc.*, Case No. 10-24589-CIV-UNGARO, 2011 WL 13223518, at *2 (S.D. Fla. Feb. 10, 2011) (holding that punitive damages were not available in personal injury

claims under general maritime law absent intentional misconduct and thus dismissing claims for punitive damages asserted in negligence action).

In accordance with the foregoing cases, Plaintiff cannot recover punitive damages because he has not and cannot allege that the Utopia Defendants engaged in intentional misconduct. The Amended Complaint is devoid of any factual allegations indicating that Defendants' conduct was intentional and done with the intent of causing harm to Plaintiff. *See Kennedy v. Carnival Corp.*, 2018 U.S. Dist. LEXIS 124539, at *24 (S.D. Fla. July 24, 2018). Indeed, the plain wording of the Amended Complaint itself undermines the demand for punitive damages because it claims that Plaintiff's injuries occurred due to: "negligent[] instruction" (*Amended Complaint,* DE 22, ¶ 51); "negligence in failing to provide a reasonably safe vessel" (*id.* at ¶ 56); and, "negligence in failing to provide a reasonably safe vessel including tender and failing to provide Plaintiff Conway with proper instructions to safely disembark the Vessel" (*id.* at ¶¶ 4, 9, 63, 64, 73, 74)— not intentional misconduct.

Instead, what Plaintiff really alleges is a traditional negligence claim, which he is attempting to stretch into a punitive damage claim. What's more, Plaintiff does not even attempt to plead the punitive damage elements or provide any supporting facts whatsoever. Here, there are no facts asserting intentional misconduct, nor are there even any facts supporting an inkling of "wanton, willful, or outrageous conduct," such as intoxication of a Defendant for example. Plaintiff has not and cannot allege the type of "very rare" circumstances of intentional misconduct and the conduct alleged here does not approach the degree of culpability required to warrant entitlement to punitive relief.

As the court explained in *Doe v. Royal Caribbean Cruises, Ltd.*, 2012 WL 4479084, at *2 (S.D. Fla. Sept. 28, 2012), "[a] request for punitive damages must be stricken from the complaint if the allegations therein do not present a factual basis supporting the recovery of punitive damages, in other words, factual allegations showing wanton, willful or outrageous conduct."

**CHARTWELL LAW**

Plaintiff alleges only negligence here, without any aggravating factors that could convert his purported negligent conduct into "willful, wanton or outrageous conduct." Plaintiff has not alleged, nor can it allege, any facts demonstrating that the Utopia Defendants intentionally attempted to act with malice, or otherwise acted with the level of egregiously willful and wanton behavior as required by general maritime law for a punitive damage claim to survive. Alleged negligence, without more, is insufficient to establish a basis for punitive damages. *See Doe*, 2012 WL 4479084, at *3 ("While such allegations may be sufficient to state a claim for negligence, as this Court has already held, they are insufficient to establish a basis for punitive damages for that underlying negligence claim."). Accordingly, Plaintiff's claims for punitive damages should be dismissed and/or stricken.

### C. The Amended Complaint must be dismissed in its entirety as it is an impermissible shotgun pleading.

Plaintiff's Amended Complaint fails because it is a classic shotgun pleading committing two of the four quintessential violations: (i) improperly adopting allegations of all proceedings counts; and, (ii) improperly combining multiple claims against multiple defendants into one count. "A complaint that fails to articulate claims with sufficient clarity to allow the defendant to frame a responsive pleading constitutes a 'shotgun pleading.'" *Lampkin-Asam v. Volusia Cty. Sch. Bd.*, 261 F. App'x 274 (11th Cir. 2008); *see also Weinstein v. City of N. Bay Vill.*, 977 F. Supp. 2d 1271, 1285 (S.D. Fla. 2013) ("Shotgun pleadings are those which are confusing, incoherent, or repetitive."). As the Eleventh Circuit explained in *Magluta v. Samples*, the classic example of a shotgun pleading includes the following characteristics:

> The complaint is a quintessential "shotgun" pleading of the kind we have condemned repeatedly, beginning at least as early as 1991. It is in no sense the "short and plain statement of the claim" required by Rule 8 of the Federal Rules of Civil Procedure. It is fifty-eight pages long. It names fourteen defendants, and all defendants are charged in each count. The complaint is replete with allegations that "the defendants" engaged in certain conduct, making no distinction among the fourteen defendants charged, though geographic and temporal realities make plain that all of the defendants could not have participated in every act

**CHARTWELL LAW**

> complained of. Each count incorporates by reference the allegations made in a section entitled "General Factual Allegations"—which comprises 146 numbered paragraphs—while also incorporating the allegations of any count or counts that precede it. The result is that each count is replete with factual allegations that could not possibly be material to that specific count, and that any allegations that are material are buried beneath innumerable pages of rambling irrelevancies. This type of pleading completely disregards Rule 10(b)'s requirement that discrete claims should be plead in separate counts and is the type of complaint that we have criticized time and again.

256 F.3d 1282, 1284 (11th Cir. 2001) (footnote and internal citations omitted); *see also Beckwith v. Bellsouth Telecommunications Inc.*, 146 F. App'x 368, 371 (11th Cir. 2005). The Eleventh Circuit has also stated that there are generally four types of shotgun pleadings:

> ***The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint.*** The next most common type, at least as far as our published opinions on the subject reflect, is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. ***Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against.*** The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests.

*Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321-23 (11th Cir. 2015) (footnotes omitted and emphasis added).

Here, Plaintiff's Amended Complaint fits the first type of shotgun pleading because it improperly adopts all the allegations of all proceedings counts. In paragraph 65, Plaintiff states: "Plaintiff Conway re-alleges and incorporates by reference the allegations in paragraphs 1 through 64

7

**CHARTWELL LAW**

of this Complaint, and further alleges as follows:" *See* Amended Complaint, DE 22, ¶ 65. By doing so, Plaintiff confusingly incorporates all of the prior allegations (both general and those brought against the Vessel *in rem* as stated in Count I) into Count II against **three *in personam* defendants**. This is entirely improper. The Eleventh Circuit has repeatedly and unequivocally condemned shotgun pleadings as a waste of judicial resources. "Shotgun pleadings, whether filed by plaintiffs or defendants, exact an intolerable toll on the trial court's docket, lead to unnecessary and unchanneled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources. Moreover, justice is delayed for the litigants who are 'standing in line,' waiting for their cases to be heard." *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1356-57 (11th Cir. 2018) (quoting *Cramer v. Fla.*, 117 F.3d 1258, 1263 (11th Cir. 1997)). Upon this basis alone, the Amended Complaint is due to be dismissed. *See AKF Inc. v. Sonny's Enters. LLC,* No. 19-cv-62379, 2020 U.S. Dist. LEXIS 612, at *6 (S.D. Fla. Jan. 3, 2020).

Additionally, the Amended Complaint also commits the fourth type of shotgun pleading offense because it alleges multiple claims against multiple defendants in Count II. *See* Amended Complaint, DE 22, ¶¶ 65-74. Plaintiff combines three different claims against three different defendants (i) Utopia Yachting, LLC, (ii) Market America, Inc., and (iii) ALM Yacht Management D.O.O. This type of pleading completely disregards Rule 10(b)'s requirement that discrete claims should be plead in separate counts, *see Anderson v. Dist. Bd. of Tr.*, 77 F.3d 364, 366-67 (11th Cir. 1996), and is the type of complaint that the Eleventh Circuit has criticized time and again. *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001), citing *BMC Indus., Inc. v. Barth Indus., Inc.*, 160 F.3d 1322, 1326-27 n.6 (11th Cir. 1998); *Pelletier v. Zweifel*, 921 F.2d 1465, 1518-19 (11th Cir. 1991). *See also, Novero v. Duke Energy,* 753 F. App'x 759, 765 (11th Cir. 2018); *Cesnik v. Edgewood Baptist Church,* 88 F.3d 902, 905 (11th Cir. 1996) (characterizing as a shotgun pleading a complaint that "was framed in complete disregard of the principle that separate, discrete causes of action should be plead in separate counts");

**CHARTWELL LAW**

*Bickerstaff Clay Prods. Co. v. Harris Cnty.*, 89 F.3d 1481, 1485 n. 4 (11th Cir. 1996) ("The complaint is a typical shotgun pleading, in that some of the counts present more than one discrete claim for relief"). The Amended Complaint should be dismissed on this additional and separate ground as well.

Finally, both of the aforementioned shotgun violations run afoul of Federal Rule of Civil Procedure 8(a)(2), which states "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief[.]" "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). The Amended Complaint fails to comply with Rule 8 and must be dismissed for this additional reason as well.

WHEREFORE, Defendant M/Y UTOPIA IV, Official No. 1305829, MMSI No. 339328000, her engines, tackle, gear, appurtenances, etc. and Defendant Owner, Utopia Yachting LLC respectfully requests that this Honorable Court enter an Order granting the instant Motion to Dismiss, dismissing all punitive damage claims from the Amended Complaint, and dismissing the Amended Complaint as an improper shotgun pleading, and for all other relief deemed just and proper under the circumstances.

Respectfully submitted,

*/s/ Marcus G. Mahfood*
Marcus G. Mahfood [FBN: 41495]
**THE CHARTWELL LAW OFFICES, LLP**
100 SE 2nd Street, Suite 2150
Miami, FL 33131
Telephone (305) 372-9044
mmahfood@chartwelllaw.com

**~AND~**

JEFFREY A. NEIMAN
**MARCUS NEIMAN**
**RASHBAUM & PINEIRO, LLP**
2 S. Biscayne Boulevard, Suite 2530
Miami, Florida 33131
Telephone (954) 462-1200
jneiman@mnrlawfirm.com

**ATTORNEYS FOR OWNER AND VESSEL**

**CHARTWELL LAW**

## **CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the above and foregoing instrument is being served upon counsel for Plaintiff, in accordance with the Federal Rules of Civil Procedure, on this 28th day of February 2022, as follows:

**Attorneys for Plaintiff**
CURTIS J. MASE
Florida Bar No.: 478083
cmase@maselaw.com
TYLER J. RAUH
Florida Bar No.: 1023404
trauh@maselaw.com
MASE MEBANE SEITZ, P.A
2601 South Bayshore Drive, Suite 800
Miami, Florida 33133
Telephone: (305) 377-3770
Facsimile: (305) 377-0080

*Attorneys for Plaintiff Pending Pro Hac Vice Admission:*
RONALD A. MCINTIRE
California Bar No. 127407
RMcIntire@perkinscoie.com
PERKINS COIE LLP
1888 Century Park E, Suite 1700
Los Angeles, California 90067
Telephone: 310.788.9900
Facsimile: 310.788.3399

CHRISTOPHER G. SIGMUND
Texas Bar No. 24122835
CSigmund@perkinscoie.com
PERKINS COIE LLP
500 N. Akard Street, Suite 3300
Dallas, Texas 75201
Telephone: 214.965.7700
Facsimile: 214.965.7799

MICHAEL A. BARCOTT
Washington State Bar No. 13317
mbarcott@hwb-law.com
HOLMES WEDDLE & BARCOTT
3101 Western Avenue, Suite 500
Seattle, Washington 98121
Telephone: 206.292.8008
Facsimile: 206.340.0289

**CHARTWELL LAW**