UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case No.: 21-cv-24099-HUCK/BECERRA

RONALD CONWAY, an individual,

    Plaintiff,

vs.

M/Y UTOPIA IV, Official No. 1305829, MMSI No. 339328000, her engines, tackle, gear, appurtenances, etc., *in rem*, et al.

    Defendants.

**JOINT MOTION FOR CONTINUANCE OF TRIAL AND PRE-TRIAL DEADLINES**

Plaintiff, Ronald Conway, and Defendants, M/Y UTOPIA IV ("Vessel") and Utopia Yachting LLC ("Vessel Owner" and, collectively, the "Utopia Defendants") (jointly, the "Parties"), jointly request a six-month continuance of the trial and all pre-trial deadlines.

1.    Plaintiff initiated this action in November 2021. [ECF No. 1]. Plaintiff filed his Second Amended Complaint on March 21, 2022, against *inter alia* Vessel, Vessel Owner, and ALM Yacht Management D.O.O. ("ALM"). [ECF No. 46]. The Utopia Defendants answered and brought a third-party complaint against John Gilbane ("Mr. Gilbane") on April 11, 2022. [ECF No. 54].

2.    The fact discovery deadline is January 31, 2023, and trial is set for the two-week period beginning March 27, 2023. [ECF No. 42].

3.    This is a fact-intensive case involving parties and key witnesses that are spread out across the world. Plaintiff is a California resident, Vessel Owner is organized in Delaware but maintains the Vessel in Florida, the tender is a Rhode Island vessel, Defendant ALM is a Slovenian company, and there are a dozen seamen witnesses whose locations around the world vary from

week to week.

4.      Plaintiff Conway's position is that the Vessel Owner and ALM are alter egos and share an agency relationship; they selected, directed, and controlled the crew aboard Plaintiff's charter; they failed to provide Plaintiff with a reasonably safe Vessel, including tender; and they failed to provide Plaintiff with proper instructions to safely disembark the Vessel. As a result of Defendants' negligence, Plaintiff suffered a ruptured knee tendon while exiting the Vessel's tender boat, resulting in a pulmonary embolism, among other adverse consequences. Without ALM's participation in the case, particularly the discovery phase, Plaintiff will not have access to necessary evidence to prove his claims.

5.      The Utopia Defendants' position is that the charter agreement was a true bareboat charter, i.e., that Plaintiff was the *pro hac vice* owner of the Vessel for the duration of the charter and that Vessel Owner had no control over the selection of the crew. The Utopia Defendants deny the allegations that ALM and the Vessel Owner are alter egos. The Utopia Defendants deny all liability and assert that Plaintiff proximately caused his own injuries. Additionally, the Utopia Defendants filed a third-party complaint against Mr. Gilbane, alleging, *inter alia*, that he is the true owner of the tender, and thus, any liability for negligence or lack of seaworthiness (which is expressly disputed) is imputed to Mr. Gilbane, not the Vessel Owner. The Utopia Defendants thus require both ALM's and Mr. Gilbane's participation in the case to support their position.

6.      Since the commencement of this case, Plaintiff and the Utopia Defendants ("the Parties") have been diligently litigating this case. The Parties have exchanged several rounds of written discovery, resolved multiple discovery disputes in good faith without court intervention, are scheduling depositions, and are in the process of trying to settle this dispute by participating in mediation.

Case No.: 21-cv-24099-PCH

7. Good cause exists for granting the Motion because (1) Plaintiff has been unable to serve ALM despite diligent efforts to do so; (2) the Utopia Defendants have also been unable to serve Mr. Gilbane despite their efforts; (3) moving forward with certain additional discovery before ALM's and Gilbane's participation in the case will result in significant duplication of effort of the current Parties; (4) the Parties are undertaking good faith efforts to mediate this dispute; and (5) the requested continuance will allow the current Parties to continue to focus on negotiating an amicable resolution of the matter without incurring additional significant attorney's fees that may ultimately make settlement financially impracticable under the circumstances.

8. In addition to the foregoing reasons, one of the owners of the Utopia Defendant-entities, J.R. Ridinger, passed away in late August 2022. This has further complicated the discovery process and other aspects of the case.

**Plaintiff's Efforts to Serve ALM**

9. Despite Plaintiff's best efforts, Plaintiff has been unable to serve ALM. Because ALM is a Slovenian company, Plaintiff cannot serve ALM through conventional means. Plaintiff similarly cannot subpoena ALM through a United States court because ALM is a Slovenian company. Fed. R. Civ. P. 45(c). Foreign parties must be served per The Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the "Hague Service Convention"). The United States and Slovenia are both signatories to the Hague Service Convention—a binding legal international treaty.

10. Plaintiff first initiated attempts to serve ALM in February 2022. *See* Decl. of Doris Alvarez-Reyes, attached as Exhibit 1. Plaintiff engaged a process server, Process Server One, to serve ALM per the Hague Service Convention. *Id.* Over the next few months, Plaintiff repeatedly followed up with Process Server One to inquire as to the service of ALM. *Id.*

3

11. In July 2022, Plaintiff learned from a former Vessel crewmember's employment agreement that ALM had a different address than the address Plaintiff provided to Process Server One. *Id.* Upon learning this information, Plaintiff quickly reached out to Process Server One and provided the newly discovered address for ALM. *Id.* Process Server One informed Plaintiff that they would have to make a second service request to update ALM's address. *Id.* In response, Plaintiff submitted a second service request and paid the required fees once again. *Id.* Over the next few months, Plaintiff continued to follow up with Process Server One to inquire as to the service of ALM. *Id.* On November 1, 2022, Process Server One informed Plaintiff—for the first time—that it could take up to one and a half years to effectively serve ALM through the Hague Service Convention. *Id.*

12. Granting this continuance will allow Plaintiff necessary time to effectively serve ALM through the Hague Service Convention and include a critical party to the proceedings.

**The Utopia Defendants' Efforts to Serve Mr. Gilbane**

13. The Utopia Defendants filed their third-party complaint against Mr. Gilbane on April 11, 2022. [ECF No. 54].

14. The summons on Mr. Gilbane was filed on April 25, 2022. [ECF No. 57].

15. The Utopia Defendants have made multiple attempts to serve Mr. Gilbane at his Florida address without success. Despite Mr. Gilbane having a Florida driver's license, it appears that he does not reside in Florida full-time, and only resides here during select portions of the year—likely during the winter months. As such, additional and ongoing efforts are being made to perfect service at this time.

16. Granting this continuance will allow the Utopia Defendants the necessary time to effectively serve Mr. Gilbane and include a critical party to the proceedings.

**The Parties' Attempts to Resolve Dispute in Good Faith Without Court Intervention**

17. The Parties recently agreed to attend mediation within the next three (3) weeks, notwithstanding this Court's order that mediation must be completed by February 2023. This evidences the Parties' diligence in resolving this matter without court intervention and the Parties' good faith in moving for a continuance.

18. A successful mediation will obviate the need for filing any dispositive motions and going to trial, conserving the resources of both the Court and the Parties. A continuance of the trial and the pretrial deadlines will allow the Parties to focus on resolving this case in mediation without concern for fast-approaching deadlines.

19. This Motion is made in good faith and is not intended to delay the proceedings.

## Memorandum of Law

The grant or denial of a motion for continuance rests within the sound discretion of the Court. *Howard v. Weinberger*, 489 F.2d 216 (5th Cir. 1973). While the court enjoys broad discretion, the guiding principle in evaluating a motion for continuance is prejudice to the parties. *See, e.g., Sanderlin v. Seminole Tribe of Florida*, 243 F.3d 1282 (11th Cir. 2001); *Guideone Elite Ins. Co. v. Old Cutler Presbyterian Church, Inc.*, 430 F.3d 1317 (11th Cir. 2005); *Carmichael v. Helicopter Textron, Inc.*, 117 F.3d 490 (11th Cir. 1997). Pursuant to Fed. R. Civ. P. 6(b), this Court has the authority to grant the requested enlargement of time for good cause. Undersigned counsel submit good cause has been shown as set forth above.

This request for an enlargement and continuance will prevent prejudice to all involved, and with the intention of conserving time, judicial and financial resources, and promoting potential settlement. Indeed, denying this motion would prejudice the Parties by effectively denying them the right to include necessary parties to the case and discover necessary evidence to support their

respective claims and defenses. Plaintiff has diligently attempted to serve ALM per the Hague Service Convention, but due to reasons outside of his control, he has not been able to perfect service on ALM.  Likewise, the Utopia Defendants have diligently attempted to serve Mr. Gilbane, but have been unable to do so for reasons outside of its control as well. A significant possibility exists that ALM and Mr. Gilbane will not be served by the January 2023 discovery cutoff if this Motion is denied. Further, as explained above, the Parties are attempting to mediate and settle this dispute. The Parties therefore request a six-month continuance of the trial date and all pre-trial deadlines.

    WHEREFORE, Plaintiff, Ronald Conway, and Defendants, M/Y UTOPIA IV and Utopia Yachting LLC, jointly request a six-month continuance of the trial and all pre-trial deadlines, and any other relief this Court deems just and proper.

[Signature block on next page]

Case No.: 21-cv-24099-PCH

Respectfully submitted,

| | |
|---|---|
| MASE MEBANE SEITZ, P.A. | THE CHARTWELL LAW OFFICES, LLP |
| *Attorneys for Plaintiff* | *Attorneys for Defendant Utopia* |
| 2601 South Bayshore Drive, Suite 800 | 100 SE 2nd Street, Suite 2150 |
| Miami, Florida 33133 | Miami, FL 33131 |
| Telephone: (305) 377-3770 | Telephone: (305) 372-9044 |
| Facsimile: (305) 377-0080 | Facsimile: (305) 372-5044 |
| By: /s/ *Curtis J. Mase* | By: /s/ *Marcus G. Mahfood* |
| CURTIS J. MASE | MARCUS G. MAHFOOD |
| Florida Bar No.: 478083 | Florida Bar No.: 41495 |
| cmase@maselaw.com | mmahfood@chartwelllaw.com |

*Attorneys Admitted Pro Hac Vice*

RONALD A. MCINTIRE
California Bar No. 127407
RMcIntire@perkinscoie.com
JACOB A. DEAN
California Bar No. 301640
JDean@perkinscoie.com
DORIS ALVAREZ-REYES
California Bar No. 340925
DAlvarezReyes@perkinscoie.com
**PERKINS COIE LLP**
1888 Century Park E, Suite 1700
Los Angeles, California 90067
Telephone:    310.788.9900
Facsimile:    310.788.3399

MICHAEL A. BARCOTT
Washington State Bar No. 13317
mbarcott@hwb-law.com
**HOLMES WEDDLE & BARCOTT**
3101 Western Avenue, Suite 500
Seattle, Washington 98121
Telephone:    206.292.8008
Facsimile:    206.340.0289